UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
DAYAHAN TAYLOR,

                                 Plaintiff,

      -against-

THE CITY OF NEW YORK and
POLICE OFFICER FAHAD CHOUDHRY (TAX 953753) and
JOHN DOES 1-3,

                                 Defendants.

--------------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL
DEMANDED**

Plaintiff, DAYAHAN TAYLOR, by and through his attorneys, **THE LAW OFFICES
OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon
information and belief:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees
pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said
rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth
and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

1

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in

that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R.

Civ. P. 38(b).

## PARTIES

6.      Plaintiff, DAYAHAN TAYLOR, is, and has been, at all relevant times, a resident of the City

and State of New York.

7.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized

and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a

duly authorized public authority and/or police department, authorized to perform all

functions of a police department as per the applicable sections of the New York State

Criminal Procedure Law, acting under the direction and supervision of the aforementioned

municipal corporation, THE CITY OF NEW YORK.

9.      At all times hereinafter mentioned, the individually named defendant, POLICE OFFICER

FAHAD CHOUDHRY (TAX 953753), was a duly sworn member of said department and

was acting under the supervision of said department and according to his official duties.

10.     At all times hereinafter mentioned, the individually named defendants, JOHN DOES 1-3,

were duly sworn members of said department and were acting under the supervision of said

department and according to their official duties.

2

11.  At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

12.  Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

13.  Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## **FACTS**

14.  On April 26, 2015, at approximately 12:00 a.m., plaintiff DAYAHAN TAYLOR was present inside of his vehicle and was lawfully parked on 132nd Street between Madison Avenue and Park Avenue, in the County, City and State of New York.

15.  At that time and place, the Defendant Choudhry and one of the Doe Defendants arrived on duty and uniform.

16.  Defendant Choudhry and one of the Doe Defendants began banging on the windows of Plaintiff's vehicle and began flashing their flashlights into his vehicle.

17.  Plaintiff was not engaged in any suspicious or illegal activity.

18.  Plaintiff exited his vehicle to inquire with the Defendants about why they were bothering him.

19.  Upon exiting the vehicle, one of the Defendants told Plaintiff to walk away from the location, to which Plaintiff complied.

20.  As he was walking away from that location, the Plaintiff overheard one of the Defendants requesting a tow truck for Plaintiff's vehicle.

21.  Upon hearing this, Plaintiff returned to the location of his vehicle and the Defendants, and asked the Defendants if his vehicle was being towed.

22.  Plaintiff received no response.

23.  Two additional Defendants then arrived at that location.

24.  Plaintiff was not engaged in any suspicious, illegal, violent, or threatening behavior.

25.  Despite the absence of any wrongdoing on the part of the Plaintiff, Defendants picked up the Plaintiff and slammed his body on the ground, causing him to hit his head.

26.  Plaintiff was placed in handcuffs and was formally arrested.

27.  At no time on April 26, 2015 did Plaintiff commit any crime or violation of law.

28.  At no time on April 26, 2015 did Defendants possess probable cause to arrest Plaintiff or to order Plaintiff's arrest.

29.  At no time on April 26, 2015 did Defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest Plaintiff.

30.  Nevertheless, Defendants thereafter transported Plaintiff to the stationhouse of a local area precinct.

31.  Plaintiff was held for several hours at the stationhouse before he was transported to New York County Central Booking where he was held for several hours before he was arraigned on a criminal complaint containing false allegation provided by the Defendants, specifically Defendant Choudhry.

32.  The Defendants provided knowingly false and misleading information to prosecutors at the New York County District Attorney's Office.

33.  As a direct result of that false and knowingly misleading information, Plaintiff was falsely charged with several counts of disorderly conduct, marijuana possession, and weapons

4

possession.

34.  Each of the allegations were false and the Defendants knew them to be false when they were made.

35.  Plaintiff was eventually released from custody but was given a future court date to return.

36.  As a direct result of the Defendants' actions, Plaintiff was required to make court appearances.

37.  Despite Defendants' unconstitutional actions, all charges against Plaintiff were dismissed in their entirety on February 3, 216.

38.  As a result of the foregoing, Plaintiff Dayahan Taylor sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

39.  All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

40.  All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. Section 1983.

41.  The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

42.  The acts complained of were carried out by the aforementioned individual Defendants in their capacitates as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all

under the supervision of ranking officers of said department.

43.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

**FIRST CLAIM FOR RELIEF FOR**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

44.    Plaintiff DAYAHAN TAYLOR repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

45.    As a result of the Defendants' conduct, Plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

46.    As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was falsely arrested without probable cause.

**SECOND CLAIM FOR RELIEF FOR**
**DENIAL OF RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983**

47.    Plaintiff DAYAHAN TAYLOR repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

48.    Defendants fabricated knowingly false material evidence and forwarded said evidence to prosecutors at the New York County District Attorney's Office.

49.    As a result, Plaintiff suffered deprivation of his liberty, as he was required to make numerous court appearances to contest the false accusations against him.

50.    As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was detained and falsely arrested, detained, and maliciously prosecuted without

probable cause.

## THIRD CLAIM FOR RELIEF FOR
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

51. Plaintiff, DAYAHAN TAYLOR, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

52. Defendants misrepresented and falsified evidence before the New York County District Attorney.

53. Defendants did not make a complete and full statement of facts to the District Attorney.

54. Defendants withheld exculpatory evidence from the District Attorney and Grand Jury.

55. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

56. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

57. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

58. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

59. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

60. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

61. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in Plaintiff's favor.

62. As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was falsely arrested and detained without probable cause.

7

## FOURTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

63.     Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

64.     Defendants arrested, searched, and incarcerated plaintiff DAYAHAN TAYLOR, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety, and violate their constitutional rights.

65.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

66.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

67.     Those customs, policies, patterns, and practices include, but are not limited to:

      i.      requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

      ii.     requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

      iii.    failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

      iv.     failing to properly train police officers in the requirements of the United States Constitution.

8

68.    The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF
       NEW YORK and the New York City Police Department directly cause, *inter alia*, the
       following unconstitutional practices:

      i.    arresting individuals regardless of probable cause in order to inflate the
       officer's arrest statistics;

      ii.    arresting individuals regardless of probable cause in order to positively
       affect precinct-wide statistics;

      iii.    falsifying evidence and testimony to support those arrests;

      iv.    falsifying evidence and testimony to cover up police misconduct.

69.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF
       NEW YORK and the New York City Police Department constitute a deliberate indifference
       to the safety, well-being and constitutional rights of Plaintiff, DAYAHAN TAYLOR.

70.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF
       NEW YORK and the New York City Police Department were the direct and proximate cause
       of the constitutional violations suffered by Plaintiff as alleged herein.

71.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF
       NEW YORK and the New York City Police Department were the moving force behind the
       constitutional violations suffered by Plaintiff as alleged herein.

72.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE
       CITY OF NEW YORK and the New York City Police Department, Plaintiff was placed
       under arrest unlawfully.

73.    Defendants, collectively and individually, while acting under color of state law, were directly
       and actively involved in violating the constitutional rights of Plaintiff.

74.    Defendants, collectively and individually, while acting under color of state law, acquiesced in

a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

75.    All of the foregoing acts by defendants deprived Plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants on each of the foregoing causes of action as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.     an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       July 21, 2016

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

                    /s/
By:     JESSICA MASSIMI (JM-2920)
        32 Old Slip, 8th Floor
        New York, New York 10005
        (212) 962-1020